

FILED

JUL 0 1 2015

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–43–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| STEVEN VINCENT SANN, | |
| Defendant. | |

Defendant Steven Vincent Sann has filed an opposed motion to continue his sentencing. The Court has not yet received a brief in opposition from the United States. However, for the reasons explained, the Court denies the motion.

The government filed the Indictment in this case on September 13, 2013. After granting Defendant's motion to continue the arraignment, Sann was arraigned on December 18, 2013. This case was originally set for a jury trial on February 24, 2014. On January 8, 2014, Sann moved pursuant to 18 U.S.C. 3161(h) for a continuance of the trial. The Court granted the lengthy continuance and reset the trial date for November 3, 2014. On August 8, 2014, Sann again moved for, and was granted, a continuance of the trial date. The Court set a new trial date of March 2, 2015.

On January 23, 2015, Sann moved to change his plea from not guilty to guilty on two counts. On January 29, 2015, the Court set an April 3, 2015 hearing date on the motion to change plea. Nearly two months later, on March 23, 2015, Sann requested a continuance of the hearing on the motion to change plea, which this Court denied. Before the Court now is Sann's motion to continue his sentencing date.

The motion requests a 90 day continuance of the sentencing hearing. To support his request, Sann asserts that he has a number of legal issues pending that he hopes to resolve, or at least move forward, in the coming months. Sann has two cases pending before this Court, a pending appeal of a Montana Department of Revenue decision (stayed pending the outcome of his bankruptcy case), and is currently being audited by the Internal Revenue Service.

The Court must impose sentence "without unnecessary delay." Fed. R. Crim. P. 32(b). At its discretion, the Court may grant a continuance of the sentencing procedures for good cause. *Id.* When evaluating a continuance request for good cause the Court will consider: 1) the timeliness of the request, 2) the length of delay requested, 3) the complexity of the case, 4) the inconvenience to others, 5) the probable utility of the continuance, 6) the reason for the continuance, and 7) the likelihood of injustice if a continuance is denied.

In this case, Sann timely requests a 90 day continuance. Sann asserts that it will be difficult for him to communicate with his attorneys while he is incarcerated. However, Sann does not show that any of his pending legal issues will be fully resolved during the proposed 90 day continuance. Sann has requested continuances at every stage of his criminal case. The utility of granting yet another continuance at this stage is dubious. Even though it may be more difficult to communicate with his attorneys while incarcerated, this alone is not sufficient to show good cause for postponing the sentencing hearing. Sann will still be able to communicate with his attorneys and has not shown that his incarceration would result in an injustice if not delayed. Due to the inconvenience to the Court's calendar, the insufficient reasons given, and the unlikely utility of the continuance, the Court denies the motion.

IT IS ORDERED that the motion to continue the sentencing hearing (Doc. 100) is DENIED.

DATED this 1st day of July, 2015.

Dana L. Christensen, Chief Judge
United States District Court